IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00095-KDB-DCK

| | |
|---|---|
| GLENN S. MILLSAPS JR.,<br><br>    Plaintiff,<br><br>    v.<br><br>IREDELL COUNTY DISTRICT ATTORNEY'S OFFICE; KATHLEEN BURRIS; SARA KIRKLAND; ADAM DILLARD; IREDELL COUNTY CLERK OF SUPERIOR OFFICE; JIM NIXON; JOHN/JANE DOES, Unknown Employees of the Iredell County Clerk of Superior Court; REGINA MAHONEY; JOHN/JANE DOES, Unknown Employees of the Iredell County District Attorney's Office; WILSON SECURITY SERVICES; DANNY LILES; PATSY ALLEN; IREDELL COUNTY; IREDELL COUNTY SHERIFF'S OFFICE; RON HILLARD; DARREN CAMPBELL; CITY OF STATESVILLE; STATESVILLE POLICE DEPARTMENT; K. JOHNSON; TOM SOUTHER; JOHN/JANE DOES, Unknown Employees of the Statesville Police Department; ERIC GREEN; MATT CAMPBELL; GARY MYKINSEN; AND JOHN WILLIAMS,<br><br>    Defendants. | **ORDER** |

1

**THIS MATTER** is before the Court on Defendants Kathleen Burris, Iredell County Clerk of Superior Court, Iredell County District Attorney's Office, Sara Kirkland, Regina Mahoney, and Jim Nixon's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 21); Defendants Darren Campbell, Matt Campbell, Adam Dillard, Eric Green, Ron Hillard, Iredell County, Iredell County Sheriff's Office, Gary Mykinsen, and John Williams' Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6), Rules 12(b)(1),(2),(4) and (5), and Rules 4(c)(1) and 4(m) (Doc. No. 24); Defendants Statesville Police Department, K. Johnson, Tom Souther, and City of Statesville's Motion to Dismiss (Doc. No. 27); Defendants Wilson Security Service, Inc., Patsy Allen, and Danny Liles' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 31); the Memorandum and Recommendation of the Honorable Magistrate Judge David C. Keesler ("M&R") entered January 9, 2024 (Doc. No. 70); Defendant K. Johnson's Objection (Doc. No. 73); Plaintiff Glenn S. Millsaps, Jr.'s *pro se* Motion to Take Judicial Notice of Two Previously Submitted Motions, the Memorandum in Support of Motion to Take Judicial Notice of Public Records and the Motion to Take Judicial Notice of the July 24, 2019 (Verified) CCTV Video (Doc. No. 74); Plaintiff's Objection to the M&R (Doc. No. 75) and Reply to Defendant K. Johnson's Objection (Doc. No. 76); and lastly Plaintiff's Motion to Amend Amended Complaint (Doc. No. 77).

## I. LEGAL STANDARD

A district court may designate a magistrate judge to "submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain pretrial matters, including motions to dismiss. 28 U.S.C. § 636(b)(1). Any party may object to the magistrate judge's proposed findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations

2

to which objection is made." 28 U.S.C. § 636(b)(1) (italics supplied). Objections to the magistrate's proposed findings and recommendations must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette,* 478 F.3d 616, 622 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007). However, the Court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Because Plaintiff is proceeding *pro se*, the Court will construe his pleadings liberally. *DePaola v. Clarke*, 884 F.3d 481, 486 (4th Cir. 2018) (citing *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016)).

## II. FACTS AND PROCEDURAL HISTORY

The events giving rise to this case began in July 2019, when Plaintiff Glenn S. Millsaps, Jr. sought to reschedule a hearing for a traffic ticket in Iredell County Superior Court. *See* Doc. No. 3 at ¶ 27. When he called the clerk's office to reschedule, he was told his request was untimely and that he would have to contact the District Attorney's Office ("DA's Office"). *Id.* at ¶ 28. The DA's Office, through Defendant Kathleen Burris, told Plaintiff "to handle the problem at the Clerk's Office" because he was proceeding *pro se*. *Id.* at ¶ 30. Plaintiff next contacted the Administrative Office of the Court who advised Plaintiff to reschedule through the District Attorney's Office. *Id.* at ¶ 31. Plaintiff's next attempt to reschedule at the District Attorney's Office was again rebuffed. *Id.* at ¶ 33. Ms. Burris allegedly told him his options were to pay the fine or

3

hire an attorney. *Id.* After Ms. Burris told Plaintiff to leave the DA's Office and a security officer told Plaintiff he could return the following week, he left. *Id.* at ¶¶ 33-34.

At this point, Plaintiff did not believe he was banned from the premises and so he returned a few days later. *Id.* at ¶¶ 35-36. Ms. Burris allegedly refused to accept his motion to reschedule and instead called security. *Id.* at ¶¶ 43-45. Plaintiff went to the lobby area outside the DA's Office, where he was approached by a security guard, Defendant Danny Liles. *Id.* at ¶ 47. Plaintiff explained to Mr. Liles that he was there to reschedule his hearing, but when Plaintiff tried to return to the DA's Office, Mr. Liles allegedly grabbed him by the arm and told Plaintiff to leave. *Id.* at ¶¶ 47-50.

Liles next instructed Defendant Patsy Allen to get Defendant Sherriff's Deputy Ron Hillard ("Deputy Hillard"). *Id.* at ¶ 53. Upon Deputy Hillard's arrival, he asked Plaintiff to explain the situation. *Id.* at ¶ 55. The two spoke for approximately two minutes. *Id.* at ¶ 57. Hillard asked Plaintiff whether it was true he had been asked to leave the week prior. *Id.* at ¶ 59. Plaintiff confirmed Ms. Burris had asked him to leave, but said a security officer had told him he could return. *Id.* at ¶ 60. After further conversation, Deputy Hillard instructed Plaintiff that he would be arrested if he did not leave. *Id.* at ¶ 65. Deputy Hillard put Plaintiff in handcuffs over his objection that he was there only to reschedule his hearing. *Id.* at ¶¶ 68-69.

The handcuffs hurt Plaintiff and he asked Deputy Hillard to use two sets of handcuffs to accommodate Plaintiff's prior shoulder injury. *Id.* at ¶¶ 70-72. Deputy Hillard allegedly rejected Plaintiff's request to reposition the handcuffs. *Id.* at ¶¶ 73-74, 76. Other Sheriff's Deputies arrived and allegedly tightened Plaintiff's handcuffs and ignored his requests to loosen them. *Id.* at ¶¶ 80-81. By the time Plaintiff was escorted to a patrol car, his left arm had fallen asleep. *Id.* at ¶¶ 83-84. Plaintiff was then put in Defendant K. Johnson's ("Officer Johnson") patrol car. *Id.* at ¶ 87.

Although Officer Johnson did not initially inspect Plaintiff's handcuffs, he later loosened them after Plaintiff said that he was in pain. *Id.* at ¶¶ 88, 91-93.

Plaintiff was charged with second-degree trespass and found guilty after a bench trial. *Id.* at ¶ 112. Prior to the trial, Plaintiff had made public records requests for any body-worn camera or dashboard camera footage. *Id.* at ¶ 105. He was told no footage existed. *Id.* at ¶ 106. Defendant Adam Dillard, an attorney for the Iredell County Sherriff's Office, also stated in a public records request that there was no CCTV footage of the arrest or moments leading up to it. *Id.* at ¶ 120.1.

However, Plaintiff learned in June 2021 that such footage did exist and allegedly had been in the possession of Defendant Regina Mahoney, an attorney in the DA's office, as early as December 2019. *Id.* at ¶ 127. Ultimately, he was acquitted after a third trial. *Id.* at ¶ 1.1. He asserts that if "the Defendants would not have suppressed the footage and excluded approximately 24 minutes of footage the verdict of the bench trial would have been favorable to Plaintiff and he would not have suffered three trials." *Id.* at ¶ 147.

Plaintiff filed this case in July 2022 and filed his Amended Complaint in October 2022. Defendants filed their four motions to dismiss in March 2023. In the M&R, the Magistrate Judge recommended dismissing the claims brought against every Defendant except Mr. Liles, Deputy Hillard, and Officer Johnson. *See* Doc. No. 70. Only Officer Johnson and Plaintiff filed Objections. *See* Doc. Nos. 73, 75.

### III. DISCUSSION

#### A. <u>Officer Johnson's Objections</u>

Officer Johnson argues that the Magistrate Judge erred in his recommendation to allow Claims Two, Four, and Five to proceed against him.

5

### 1. Claim Two: Unlawful Arrest and False Imprisonment

Officer Johnson first objects to the Magistrate Judge's recommendation to allow the unlawful arrest and false imprisonment claim (Claim Two) to proceed because Plaintiff did not plead that Officer Johnson had any doubt in his mind that probable cause for the trespass charge existed at the time of arrest. *See* Doc. No. 73 at 1-2. In response, Plaintiff contends Officer Johnson had no reasonable belief that he had probable cause to conduct the arrest. *See* Doc. No. 76 at 14.

In order to bring a claim for unlawful arrest, under either federal or state law, a plaintiff must allege that the arrest was made without probable cause. *See Miller v. Prince George's Cty., MD*, 475 F.3d 621, 627 (4th Cir. 2007); *Myrick v. Cooley*, 371 S.E.2d 492, 495 (N.C. Ct. App. 1988). Probable cause requires the Court to review the totality of the circumstances and "is informed by the 'contours of the offense' at issue." *See Hupp v. Cook*, 931 F.3d 307, 318 (4th Cir. 2019) (quoting *Rogers v. Pendleton*, 249 F.3d 279, 291 (4th Cir. 2001)). In North Carolina, the elements of second-degree trespass are met when a person:

> without authorization…enters or remains on any of the following: (1) On premises of another after the person has been notified not to enter or remain there by the owner, by a person in charge of the premises, by a lawful occupant, or by another authorized person. (2) On premises that are posted, in a manner reasonably likely to come to the attention of intruders, with notice not to enter the premises. (3) On the curtilage of a dwelling of another between the hours of midnight and 6:00 A.M.

N.C. Gen. Stat. § 14-159.13. Thus, Officer Johnson was permitted to accept custody of Plaintiff absent an allegation that he did not or could not have believed, "in the circumstances shown, that the suspect has committed, is committing, or is about to commit" second-degree trespass. *United States v. Dickerson*, 27 F. App'x 236, 242 (4th Cir. 2001) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37 (1979)).

6

Here, Plaintiff does not plead that Officer Johnson doubted that probable cause for the trespass charge existed. Instead, he merely states that "Plaintiff noticed Officer Johnson was confused about the charge of trespassing." Doc. No. 3 at ¶ 96. Plaintiff's own subjective belief that Officer Johnson was confused, without more, is not enough to plausibly allege Officer Johnson doubted the existence of probable cause to arrest Plaintiff. Thus, the Court will grant Officer Johnson's objection to this portion of the M&R and dismiss the unlawful arrest and false imprisonment claims against Officer Johnson.

### 2. Claim Four (Excessive Force under § 1983)

Officer Johnson next objects to the recommendation that the excessive force claim under 42 U.S.C. § 1983 proceed against him because there are no factual allegations that he himself handcuffed Plaintiff or was responsible for the cuffs allegedly being too tight. In fact, Officer Johnson argues he took action to loosen the handcuffs when Plaintiff complained. *See* Doc. No. 73 at 4. Plaintiff contends that Officer Johnson had "tak[en] over the duties and responsibilities of another party" (the officer who originally put Plaintiff in handcuffs) and that he had a "duty to inspect" and "investigate." Doc. No. 76 at 17.

Excessive force claims are reviewed under an objective reasonableness standard. *E.W. by and through T.W. v. Dolgos*, 884 F.3d 172, 179 (4th Cir. 2018) (quoting *Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011)). In other words, the Court looks at the circumstances objectively, without regard to the officer's subjective intent or motivation. *Id.* (citations omitted). As alleged by Plaintiff, Officer Johnson was not the officer who handcuffed Plaintiff, and in fact, after "Plaintiff yelled loudly in extreme pain…. Officer Johnson loosened the handcuffs but did not change the position of Plaintiff's wrist to an inward or outward position." Doc. No. 3 at ¶¶ 82, 91, 93. What Plaintiff does not allege is that Officer Johnson previously refused to loosen the

7

handcuffs or that he knew it was the position of Plaintiff's wrists that caused him pain in addition to how tight they were. *Id.* Instead, Plaintiff says that sitting in the patrol car caused the handcuffs to clinch down tighter on his wrists, and when he complained, Officer Johnson loosened them. *Id.* at ¶¶ 90-91, 93. Plaintiff also does not allege that he complained about the handcuffs to Officer Johnson again. *See generally* Doc. No. 3. Thus, there is no plausible assertion that Officer Johnson employed excessive force and this claim will be dismissed.

### 3. Count Five Malicious Prosecution

Officer Johnson lastly argues that the Magistrate Judge erred in recommending the malicious prosecution claim against him proceed because Plaintiff has not plausibly alleged the first and fourth elements of malicious prosecution. *See* Doc. No. 73 at 4. Plaintiff disagrees. *See* Doc. No. 76 at 18-25.

A malicious prosecution claim has the following elements: "(1) the initiation or maintenance of a proceeding against the plaintiff by the defendant; (2) termination of that proceeding favorable to the plaintiff; (3) lack of probable cause to support that proceeding; and (4) the defendant's malice." *Lambert v. Williams*, 223 F.3d 257, 260 (4th Cir. 2000) (citing W. Keeton, D. Dobbs, R. Keeton, & D. Owen, *Prosser and Keeton on Law of Torts* 874 (5th Ed.1984)); *see also Seguro-Suarez by and through Connette v. Key Risk Ins. Co.*, 819 S.E.2d 741, 750 (N.C. Ct. App. 2018) (citing *Turner v. Thomas*, 794 S.E.2d 439, 444 (N.C. 2016)).

The first element is satisfied if "it is unlikely there would have been a criminal prosecution…except for the efforts of a defendant." *Lopp v. Anderson*, 795 S.E.2d 770, 780 (N.C. Ct. App. 2016) (citing *Becker v. Pierce*, 608 S.E.2d 825, 829 (N.C. Ct. App. 2005)). "However, it is not necessary that an individual be directly involved in charging a person … in order to have participated sufficiently" in the initiation or maintenance of criminal proceedings against the

8

plaintiff. *Id.* Officers who participate "in the subduing and arrest[]" of a plaintiff likely meet this threshold. *Id.* (holding that plaintiffs could survive summary judgment because they alleged that the officer participated in subduing and arresting them). Malice "may be shown by offering evidence that defendant 'was motivated by personal spite and a desire for revenge' or that defendant acted with 'reckless and wanton disregard' for plaintiffs' rights." *Id.* at 176 (quoting *Becker*, 608 S.E.2d at 829).

Even assuming that Officer Johnson plausibly participated in the instigation of criminal charges by transporting Plaintiff following his arrest (a conclusion that the Court need not and does not reach), the Court finds that there are no plausible allegations that he acted with malice. In fact, Plaintiff only generally alleges that "Defendants at all times intentionally and maliciously instituted and pursued a second-degree criminal trespass case against Plaintiff without probable cause and the proceeding was terminated in favor of Plaintiff by a jury trial." Doc. No. 3 at ¶ 156. The lack of any allegations of malice specific to Officer Johnson (or any other Defendant), combined with the fact he merely transported Plaintiff and actually loosened his handcuffs when he knew they were hurting Plaintiff, lead the Court to find that malice has not been plausibly alleged. Thus, this claim must be dismissed against Officer Johnson.

The Court, on its own initiative, will also dismiss the malicious prosecution claim against Deputy Hillard because Plaintiff has not alleged malice. As alleged in the Amended Complaint, when Deputy Hillard came to speak with Plaintiff, he said "weren't you told to leave last week"? Doc. No. 3 at ¶ 59. Hillard later repeated the question before telling Plaintiff that he would be arrested if he did not leave the premises. *Id.* at ¶¶ 64-65. After placing Plaintiff in handcuffs, Deputy Hillard then went to speak to Ms. Burris about the incident allegedly "to determine his decision of arrest." *Id.* at ¶ 82. None of these allegations plausibly establish that Deputy Hillard

9

was motivated by spite or a desire for revenge. Instead, they show Deputy Hillard was aware that Plaintiff had previously been asked to leave and was merely acting on that information and the information gathered from Ms. Burris.

Moreover, none of these events establish that probable cause did not exist. Second-degree trespass occurs when a person "without authorization…enters or remains on … premises of another after the person has been notified not to enter or remain there by the owner, by a person in charge of the premises, by a lawful occupant, or by another authorized person." N.C. Gen. Stat. § 14-159.13(1). The facts as alleged establish that Deputy Hillard knew Plaintiff had been previously asked to leave the area in the last week and had now returned. Thus, accepting the factual allegations as true (as distinguished from conclusory legal pleadings), it appears that Deputy Hillard had probable cause for the arrest.

Further, in North Carolina, a conviction establishes, as a matter of law, that probable cause existed for an arrest unless the plaintiff pleads that the conviction was procured by fraud or other unfair means. *See Simpson v. Sears, Roebuck and Co.*, 752 S.E.2d 508, 510 (N.C. Ct. App. 2013). Here, Plaintiff alleges that the body-worn camera, dashboard camera, and CCTV footage were *Brady* evidence withheld from him during the first trial. *See* Doc. No. 3 at ¶¶ 129-130. He further alleges that the CCTV footage, as it was shown during his second trial, was missing *Brady* footage and had been edited. *Id.* at ¶ 1.1. However, Plaintiff does not allege whether he raised objections in either his first or second trial. Nor does he allege the result of any objection. Further, he fails to explain why he was granted a second and then ultimately third trial. Without more information, the Court cannot find that his first or second trial (Plaintiff does not allege the outcome of the second trial, but the existence of a third trial suggests a conviction) was procured by fraud or other unfair means and so it finds that probable cause still plausibly existed at the time of the arrest.

10

Case 5:22-cv-00095-KDB-DCK   Document 82   Filed 03/28/24   Page 10 of 14

Thus, the Court will dismiss the malicious prosecution claim against both Officer Johnson and Deputy Hillard.

B.  **Plaintiff's Objections**

Plaintiff's 205-page Objection comprehensively objects to every recommendation from the Magistrate Judge, including those that favor Plaintiff. *See, e.g.* Doc. No. 75 at 150 (objecting to the Magistrate Judge describing Claim 7 as a "close call" despite recommending the claim proceed). However, Plaintiff's Objection is perhaps more accurately seen as a memorandum in favor of allowing Plaintiff to amend his Complaint. *See, e.g.*, *id.* ("There's nothing close about it and this is all the more of a reason to allow Plaintiff to amend the Amended Complaint"); *id.* at 23 ("The Plaintiff requests that the Court re-assess their [sic] dismissal of this First Amendment § 1983 claim or allow the Plaintiff to amend the Amended Complaint"); *id.* at 193-197 ("Plaintiff now understands this reasoning and why this claim can[]not survive…. The Plaintiff requests that this Court allow him to amend his Amended Complaint.).

Ultimately, the Court has carefully reviewed the Objection *de novo* and finds that the recommendations in the M&R are (except as described in this Order) in accordance with the law and the factual allegations asserted in the Amended Complaint. The Court, therefore, will deny Plaintiff's Objection.

C.  **Plaintiff's Motion to Take Judicial Notice**

After the M&R was issued, Plaintiff also filed a Motion to Take Judicial Notice of Two Previously Submitted Motions, the Memorandum in Support of Motion to Take Judicial Notice of Public Records and the Motion to Take Judicial Notice of the July 24, 2019 (Verified) CCTV Video (Doc. No. 74). Because the substance of this motion was asserted in two previous motions,

11

which were denied by the Magistrate Judge, the Court finds this motion is likely moot. *See* Doc. Nos. 57, 64, 71.

However, in an abundance of caution, the Court reviewed the motions and finds the Magistrate Judge's prior Order comprehensively and correctly addresses the substance of this motion. In taking judicial notice in this context, the Court generally is limited to documents attached to or incorporated into the complaint. *See Zak v. Chelsea Therapeutics Intern., Ltd.*, 780 F. 3d 597, 606 (4th Cir. 2015). The public records and CCTV video were not attached nor incorporated into the Amended Complaint and so the Court will decline to take judicial notice of them at this time.

### D. Plaintiff's Motion to Amend Amended Complaint

Lastly, Plaintiff filed a motion seeking leave to amend the Amended Complaint (Doc. No. 77). Federal Rule of Civil Procedure 15(a) allows a party to amend "its pleading only with the opposing party's written consent or the court's leave." Defendants oppose the motion, and thus the Court will grant leave to amend if "justice so requires." *Id.* Courts generally deny leave to amend if (1) it would be prejudicial to the opposing party, (2) there has been bad faith on the part of the party seeking to amend, or (3) the amendment would be futile. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014) (citation omitted).

Here, the Court finds that granting the motion would be both unfairly prejudicial to the Defendants and futile. First, the motion is untimely and prejudicial. This case is well over a year old, the Plaintiff already amended his original complaint, and this motion comes after the Magistrate Judge issued its M&R addressing the four motions to dismiss, meaning that allowing an amendment would presumably require Defendants to expend further time and resources drafting either responsive pleadings or motions to dismiss. This would be especially prejudicial for the

12

Defendants who may assert sovereign immunity or who otherwise cannot be sued. However, most persuasive to the Court is its finding that any amendment would be futile.

As Plaintiff requested in his motion, the Court reviewed Plaintiff's Objection to the M&R to "get an idea of how a proposed update to [the] complaint will be constructed and offer details to prove the claims" the Magistrate Judge recommended be dismissed. Doc. No. 77 at 6. However, the Court's review and denial of Plaintiff's Objection demonstrates that an amendment would be futile. Accordingly, the Court will deny Plaintiff's motion to amend.

**E.  Summary**

In conclusion, the Court affirms the recommendation of the Magistrate Judge that all claims against Defendants other than Mr. Liles, Deputy Hillard, and Officer Johnson should be dismissed. The Court, however, will grant Officer Johnson's Objection and dismiss the claims against him. As for the remaining Defendants, only the assault claim against Mr. Liles (Claim Seven) will proceed as will the unlawful arrest and excessive force claims (Claim Two and Four) against Deputy Hillard. The remaining claims will be dismissed.

**IV.  ORDER**

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendants Kathleen Burris, Iredell County Clerk of Superior Court, Iredell County District Attorney's Office, Sara Kirkland, Regina Mahoney, and Jim Nixon's Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 21) is **GRANTED;**

2. Defendants Darren Campbell, Matt Campbell, Adam Dillard, Eric Green, Ron Hillard, Iredell County, Iredell County Sheriff's Office, Gary Mykinsen, and John Williams Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule

12(b)(6), and Rules 12(b)(1),(2),(4) and (5), and Rules 4(c)(1) and 4(m) (Doc. No. 24) is **GRANTED in part** and **DENIED in part** as described in the Order;

3. Defendants City of Statesville, Statesville Police Department, K. Johnson, Tom Souther, and City of Statesville's Motion to Dismiss (Doc. No. 27) is **GRANTED**;

4. Defendants Wilson Security Service, Inc., Patsy Allen, and Danny Liles' Motion to Dismiss Plaintiff's Amended Complaint (Doc. No. 31) is **GRANTED in part** and **DENIED in part** as described in the Order;

5. Defendant K. Johnson's Objection (Doc. No. 73) is **GRANTED**;

6. Plaintiff Glenn S. Millsaps, Jr.'s *pro se* Motion to Take Judicial Notice of Two Previously Submitted Motions, the Memorandum in Support of Motion to Take Judicial Notice of Public Records and the Motion to Take Judicial Notice of the July 24, 2019 (Verified) CCTV Video (Doc. No. 74) is **DENIED**;

7. Plaintiff Glenn S. Millsaps, Jr.'s Objection to the M&R (Doc. No. 75) is **DENIED;**

8. Plaintiff Glenn S. Millsaps, Jr.'s Motion to Amend Amended Complaint (Doc. No. 77) is **DENIED**; and

9. This case shall **proceed to trial on the merits on the remaining claims** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: March 28, 2024

Kenneth D. Bell
United States District Judge