# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CASE NO. 5:22-CV-095-KDB-DCK

| | |
|---|---|
| GLENN S. MILLSAPS, JR., | ) |
| Plaintiff, | ) ) ) |
| v. | ) **ORDER** |
| DANNY LILES and RON HILLARD, | ) ) ) |
| Defendants. | ) ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For A More Definite Statement Of Paragraph 82 In Deputy Ron Hillard's Document 92" (Document No. 93) and "Motion For A Temporary Stay Of Proceeding On Plaintiff's Motion For Reconsideration Until Defendant Deputy Ron Hillard Has Provided A More Definite Statement Of Paragraph 82 In Document 92" (Document No. 94) filed May 7, 2024.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motions and the record, the undersigned will deny the motions.

By the instant motions, Plaintiff seeks to compel Defendant Ron Hillard to provide "a more definite statement," as to paragraph 82 in the "Answer Of Defendant Ron Hillard In His Individual Capacity To Plaintiff's First Amended Complaint" (Document No. 92). (Document No. 93).

Paragraph 82 of Plaintiff's "First Amended Complaint" (Document No. 3) states:

> 82. After Plaintiff was handcuffed Deputy Hillard went inside to speak with Ms. Burris. Hillard wrote a report indicating he spoke to Burris about the event to determine his decision of arrest. The video shows Hillard entering the DA's office approximately 2 two minutes later after Plaintiff is in handcuffs.

(Document No. 3, p. 13).

Defendant Hillard's "Answer…" states:

> 82. It is admitted that Hillard spoke with Ms. Burris before he arrested Plaintiff and that Hillard spoke with Ms. Burris again after arresting Plaintiff. It is further admitted that any report written by Hillard speaks for itself and that the video referenced by Plaintiff speaks for itself. Except as herein admitted, the allegations of paragraph 82 are denied.

(Document No. 92, p. 10).

Plaintiff now asks the Court to compel Defendant Hillard "to explain **in detail** the time and place he spoke to Defendant Kathleen Burris before he arrested Plaintiff and what was said between Kathleen Burris and Deputy Hillard prior to the arrest." (Document No. 93, p. 2) (emphasis added). Plaintiff seems to doubt the veracity of Defendant's response and is seeking more detailed information. Id. Plaintiff does not, however, cite any legal authority to support this request. Id.

The undersigned notes that the Federal Rules of Civil Procedure provide that: "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e). As such, a Rule 12(e) motion for more definite statement addresses Complaints, rather than Answers. Even if Rule 12(e) may be applied to an Answer, it does not appear to be necessary here – the undersigned does not find Defendant's response to be vague or ambiguous.

A decision from the United States District Court for the Western District of Virginia is instructive:

> Rule 12(e) is "designed to strike at unintelligibility rather than simple want of detail," and thus the motion "will be granted only when the complaint is so vague and ambiguous that the defendant

2

> cannot frame a responsive pleading." . . . *Pugh*, 2014 WL 2964415, at *3 (quoting *Frederick*, 727 F. Supp. at 1020–21). To the extent Plaintiffs might have pleaded more, that would reflect a "simple want of detail" rather than "unintelligibility" in their amended complaint. Put simply, the amended complaint does not fall within the "quite small" class of pleadings that are appropriate subjects for a Rule 12(e) motion. *See* 5C Charles Alan Wright & Arthur R. Miller, 5C Federal Practice & Procedure § 1376 (3d ed.).

Student A v. Liberty Univ., Inc., 602 F. Supp. 3d 901, 919 (W.D. Va. 2022)

Plaintiff's demand for more detail is not appropriate through Fed.R.Civ.P. 12(e), and the information Plaintiff seeks is more likely to addressed through the discovery process in this litigation.

Based on the foregoing, the undersigned will respectfully deny the "Motion For A More Definite Statement Of Paragraph 82…" (Document No. 93), and also deny Plaintiff's related "Motion For A Temporary Stay…" (Document No. 94).

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For A More Definite Statement Of Paragraph 82 In Deputy Ron Hillard's Document 92" (Document No. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Motion For A Temporary Stay Of Proceeding On Plaintiff's Motion For Reconsideration Until Defendant Deputy Ron Hillard Has Provided A More Definite Statement Of Paragraph 82 In Document 92" (Document No. 94) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: May 8, 2024

David C. Keesler
United States Magistrate Judge