**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISON
Civil Case No. 5:22-cv-00095-KDB-DCK**

|  |  |  |
|---|---|---|
| **GLENN S. MILLSAPS, JR.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **DEFENDANT HILLARD'S** |
| | ) | **RESPONSE TO PLAINTIFF'S** |
| **v.** | ) | **MOTION FOR RECONSIDERATION** |
| | ) | **(Doc. 99)** |
| **IREDELL COUNTY DISTRICT** | ) | |
| **ATTORNEY'S OFFICE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

---

**I.   PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 99) SHOULD BE DENIED**

On March 28, 2024, this Court issued an Order dismissing most of the defendants, and most of Plaintiff's claims. (Doc. 82). Following this Court's March 28, 2024 Order, the following defendants and claims remain in this case: (1) a claim for false arrest under Section 1983 against Officer Hillard in his individual capacity; (2) a state tort claim for false arrest against Officer Hillard in his individual capacity; (3) a Section 1983 claim for excessive force against Hillard in his individual capacity; and (4) a tort claim for assault against defendant Liles. (Memorandum and Recommendation, Doc. 70, pp. 18-20, 22-23, 31; Court's March 28, 2024 Order, Doc. 82).

On May 24, 2024, Plaintiff filed a 57-page motion for reconsideration. (Doc. 99). Plaintiff's motion for reconsideration is without merit, and should be rejected.

However, the judicial admissions made by Plaintiff in his motion for reconsideration (Doc. 99) establish that probable cause – or, at a minimum, arguable probable cause – existed to arrest Plaintiff. Therefore, as discussed below, Officer Hillard respectfully submits this Court should now dismiss Plaintiff's claims for false arrest against Hillard under Section 1983 and state law.

## II. IN LIGHT OF THE JUDICIAL ADMISSIONS MADE BY PLAINTIFF IN HIS MOTION FOR RECONSIDERATION, IT IS CLEAR THAT PROBABLE CAUSE EXISTED TO ARREST PLAINTIFF; ACCORDINGLY, OFFICER HILLARD RESPECTFULLY SUBMITS THAT THIS COURT SHOULD DISMISS PLAINTIFF'S FEDERAL AND STATE CLAIMS FOR FALSE ARREST

In Plaintiff's motion for reconsideration (Doc. 99), Plaintiff makes judicial admissions establishing the existence of probable cause to arrest Plaintiff for the crime of second degree trespass. "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them. They may not be controverted at trial or on appeal." Keller v. United States, 58 F.3d 1194, 1199 (7th Cir. 1995); see also Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264 (4th Cir. 2004) (citing Keller). Judicial admissions "go to matters of fact which, otherwise, would require evidentiary proof." New Amsterdam Cas. Co. v. Waller, 323 F.2d 20, 24 (4th Cir.1963). A judicial admission "may dispense with proof of facts for which witnesses would otherwise be called." Oscanyan v. Arms Co., 103 U.S. 261, 263 (1880). "Factual assertions in pleadings…are considered judicial admissions conclusively binding on the party who made them." Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds, 568 U.S. 455, 470 n. 6 (2013).

In the instant case, Plaintiff stated in his Motion for Reconsideration that he was told by Danny Liles, a security guard in the courthouse, that he needed to leave the District Attorney's office, and that Plaintiff's response was to tell Liles to "go get a Sheriff's deputy." More particularly, Plaintiff states as follows:

> Plaintiff returned to the DA's Office on July 24, 2019, believing he was not banned from doing so, ¶ 35. Wilson Security Guard Patsy Allen twice asked the Plaintiff if he was an attorney, ¶ 38 and ¶ 40. Defendant Kathleen Burris asked the Plaintiff if he was an attorney, ¶ 42. Defendant Burris refused to accept Plaintiff's motion to reschedule his traffic ticket, ¶ 43. Plaintiff asked Defendant Kathleen Burris to speak with a Supervisor and Burris refused this request and instead called Wilson Security, ¶ 44. Defendant Burris told the Plaintiff that she was instructed to call the police if Plaintiff returned, ¶ 45. Plaintiff went to the lobby area outside the

2

DA's Office where he approached Wilson Security Guard Defendant Danny Liles and explained why he was there and that he needed to deliver a motion, ¶ 47. Defendant Danny Liles asked the Plaintiff if he was an attorney. When the Plaintiff reentered the DA's Office, Defendant Danny Liles grabbed him by the arm. Plaintiff told Defendant Liles not to touch him, ¶ 48. Plaintiff told Defendant Danny Liles that he was violating the Plaintiff's right to speak with a member of the DA's Office, ¶ 49. Defendant Danny Liles again told the Plaintiff that he needed to leave and would call the Sheriff if he did not do so. The Plaintiff repeated his reason for needing to speak with a member of the DA's Office, ¶ 50. Defendant Danny Liles repeated that if he was not an attorney that he needed to leave, ¶ 51. Plaintiff told Defendant Danny Liles to go get a Sheriff's deputy, ¶ 52.

(Doc. 99, p. 8). In other words, Plaintiff stated in his motion for reconsideration (Doc. 99) at page 8 that when a courthouse security guard asked him to leave the District Attorney's office, he did not leave; instead, he told the security guard to "go get a Sheriff's deputy." (Doc. 99, p. 8).[1]

As noted above, Plaintiff's statements in his motion for reconsideration (that the courthouse security guard asked him to leave, and Plaintiff responded by telling the security guard to "go get a Sheriff's deputy") is a judicial admission that is conclusively binding upon Plaintiff. See, e.g., Keller, supra. As discussed below, Plaintiff's judicial admission on this point establishes the existence of probable cause, which defeats Plaintiff's federal and state claims for false arrest.

### A. Plaintiff's Federal and State Claims Against Deputy Hillard for False Arrest Fail Because the Plaintiff's Judicial Admissions Show that Probable Cause Existed to Arrest Plaintiff

As noted above, following this Court's March 28, 2024 Order, two claims that remain against Officer Hillard are Plaintiff's "false arrest" claims against Hillard under Section 1983 and state law. (Doc. 70, pp. 18-20, 22-23, 31; Doc 82). As this Court correctly stated in its March 28, 2024 Order (Doc. 82) at page 6, the existence of probable cause defeats claims for "false arrest"

---

[1] In addition, Plaintiff admits in his motion for reconsideration that when Officer Hillard asked Plaintiff, "Weren't you asked to leave?" the Plaintiff did not deny it, but instead implicitly admitted that he had been asked to leave by telling Hillard that "he needed to file a motion to reschedule." (Doc. 99, p. 14).

3

under federal law and state law.  See, e.g., Miller v. Price George's County, Md., 475 F.3d 621, 627 (4th Cir. 2007); Myrick v. Cooley, 371 S.E.2d 492, 495 (N.C. Ct. App. 1988).  See also, e.g., Brown v. Gilmore, 278 F.3d 362, 367 (4th Cir. 2002) ("To establish an unreasonable seizure under the Fourth Amendment, [the plaintiff] needs to show that the officers decided to arrest [him]…without probable cause").  Conversely, a seizure effected with probable cause is reasonable as a matter of law; thus, the existence of probable cause defeats a claim of false arrest. See, e.g., Street v. Surdyka, 492 F.2d 368, 372-3 (4th Cir. 1974) ("[T]here is no cause of action for 'false arrest' under Section 1983 unless the arresting officer lacked probable cause").  As explained below, given the judicial admissions by Plaintiff, probable cause existed to arrest Plaintiff; accordingly, Plaintiff's federal and state claims for "false arrest" should be dismissed.

In addressing whether probable cause existed for arrest, the Court must look at the totality of circumstances.  Illinois v. Gates, 462 U.S. 213, 230-32, 103 S.Ct. 2317, 2328, 76 L.Ed.2d 527 (1983); Thompson v. Prince William County, 753 F.2d 363 (4th Cir. 1985); Kipps v. Ewell, 538 F.2d 564 (4th Cir. 1976).  To determine whether probable cause exists, a court should "examine the events that led up to the arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to probable cause."  District of Columbia v. Wesby, 583 U.S. 48, 56-57 (2018), quoting Maryland v. Pringle, 540 U.S. 366, 371 (2003).  "In dealing with probable cause, however, as the very name implies, we deal with probabilities.  These are not technical; they are factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act."  Brinegar v. U.S., 338 U.S. 160, 175 (1949).  See also, e.g., Ornelas v. United States, 517 U.S. 690, 695 (1996).  "Only the probability, and not a *prima facie* showing, of criminal activity is the standard."  Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998).  The Supreme Court has noted that "[t]here is a large

difference between [proving guilt in a criminal case and showing probable cause for an arrest], as well as between the tribunals which determine them, and therefore a like difference in the quanta and modes of proof required to establish them." Brinegar, 338 U.S. at 173, 69 S.Ct. at 1309. As the Fourth Circuit has explained, "probable cause is the sum total of layers of information and the synthesis of what the police have heard, what they know, and what they observe as trained officers." United States v. Baker, 577 F.2d 1147, 1151, cert. denied, 439 U.S. 850 (1978). The Court is to "weigh not individual layers but the laminated total." Id.

In the instant case, the judicial admissions made by Plaintiff in his motion for reconsideration show that probable cause existed to arrest Plaintiff for second degree trespassing. In the instant case, Plaintiff made the following judicial admissions in his motion for reconsideration: Plaintiff admitted that when a courthouse security guard told him to leave the District Attorney's office, his response was to say to the guard, "[G]o get a Sheriff's deputy." (Doc. 99, p. 8). Later, when Officer Hillard said to Plaintiff, "Weren't you asked to leave?" the Plaintiff did not deny it, but instead told Hillard that "he needed to file a motion to reschedule." (Doc. 99, p. 14).

When these "historical facts" are viewed from the standpoint of an objectively reasonable officer, see Wesby, supra., it is clear that probable cause existed to arrest Plaintiff for second degree trespassing. This is demonstrated by the analogous case of State v. Nickens, 262 N.C.App. 353 (2018). In Nickens, the plaintiff was on the premises of the North Carolina Division of Motor Vehicles when she was asked to leave by an Inspector who was working at the NCDMV. Id. at 356-57. Plaintiff refused to leave, and was later indicted for (among other things) second degree trespass. Id. The North Carolina Court of Appeals upheld plaintiff's conviction for second degree trespassing, holding that when the Inspector told plaintiff to leave, he revoked the "implied

5

consent" for the plaintiff to remain on the premises. Id. at 366-67. Similarly, in the instant case, Plaintiff's judicial admissions establish that a courthouse security guard clearly told Plaintiff that he needed to leave the premises. This statement clearly revoked any "implied consent" for Plaintiff to remain on the premises, id., and established probable cause to arrest Plaintiff for second degree trespassing.

In his Memorandum and Recommendation (Doc. 70, p. 19), the United States Magistrate Judge noted that Plaintiff's Complaint indicated a dispute of fact as to what Officer Hillard observed or heard. However, in light of Plaintiff's judicial admissions, the historical facts admitted by Plaintiff establish probable cause as a matter of law, regardless of what Hillard personally observed or heard. Furthermore, Plaintiff's judicial admissions show that at the time when the courthouse security guard sent for Officer Hillard, the courthouse security guard personally knew that Plaintiff had refused to leave the District Attorney's office when asked to do so. (Doc. 99, p. 8). Therefore, under the "collective knowledge" doctrine, probable cause existed to arrest Plaintiff even if Hillard did not have personal knowledge of all the information. See, e.g., United States v. Ferebee, 957 F.3d 406, 411 (4th Cir. 2020) ("[T]he collective knowledge doctrine simply directs us to substitute the knowledge of the instructing officer…for the knowledge of the acting officer…."), quoting United States v. Massenburg, 654 F.3d 480, 493 (4th Cir. 2011). Since the security guard, who summoned and/or alerted Hillard, had knowledge establishing probable cause, this knowledge is imputed to Hillard under the "collective knowledge" doctrine. United States v. Ferebee, supra.

Thus, Plaintiff's judicial admissions establish that probable cause existed. Therefore, in light of Plaintiff's judicial admissions establishing the existence of probable cause, Plaintiff's federal and state claims for false arrest should be dismissed.

**B.** **Furthermore, Given the Plaintiff's Judicial Admissions, Officer Hillard is Entitled to Qualified Immunity and Public Officer's Immunity Because, at a Minimum, Arguable Probable Cause Existed**

Even assuming arguendo that the judicial admissions by Plaintiff do not establish probable cause as a matter of law, Officer Hillard is nevertheless entitled to qualified immunity as to Plaintiff's Section 1983 false arrest claim, and entitled to public officer's immunity as to Plaintiff's state claim for false arrest, because Plaintiff's judicial admissions establish that there was, at a minimum, arguable probable cause.[2]

A government official in his "individual capacity" is entitled to immunity from Section 1983 liability for money damages as long as his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). See, e.g., Mitchell v. Forsyth, 472 U.S. 511, 535 n. 12, 105 S.Ct. 2806, 2820 n. 12, 86 L.Ed.2d 411 (1985) (stating that where there is a legitimate question as to what is required by existing law, the defendant is protected by qualified immunity); Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987) (stating that an official is entitled to qualified immunity unless the unlawfulness of the official's conduct is apparent in light of pre-existing law). The purpose of qualified immunity is to "remove most civil liability actions, except those where the official clearly broke the law, from the legal process well in advance of the submission of facts to a jury." Slattery v. Rizzo, 939 F.2d 213, 216 (4th Cir. 1991) (emphasis added). The objective reasonableness standard announced by the Supreme Court in Harlow v. Fitzgerald, supra, affords broad qualified immunity protection to "all but the plainly incompetent or those who knowingly violate the law."

---

[2] The Fourth Circuit has held that an officer's entitlement to immunity is properly raised at this stage of a lawsuit. See Jenkins v. Medford, 119 F.3d 1156, 1159 (4th Cir. 1997), cert. den., 522 U.S. 1090 (1998).

7

See Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096, 89 L.Ed.2d 271 (1986); Maciariello v. Sumner, 973 F.2d 295, 298 (4th Cir. 1992) (stating that qualified immunity protects law enforcement officers from "bad guesses in gray areas" and ensures that they are only liable for "transgressing bright lines").

In analyzing whether law enforcement officers have qualified immunity in a Section 1983 "false arrest" claim, the issue is not whether probable cause actually exists; rather, the issue is whether arguable probable cause exists. If arguable probable cause exists – even if actual probable cause is not present – the officers will be entitled to qualified immunity. See, e.g., Keil v. Triveline, 661 F.3d 981, 986-87 (8th Cir. 2011) (Officers were entitled to qualified immunity where the officers had "arguable probable cause"); Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir. 2003) ("To receive qualified immunity protection, an officer need not have actual probable cause but only  arguable probable cause."); Scarbrough v. Myles, 245 F.3d 1299, 1302 (11th Cir. 2001); Wollin v. Gondert, 192 F.3d 616, 621 (7th Cir. 1999); Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998) (If the officers had "arguable probable cause," they are entitled to qualified immunity even if they did not have actual probable cause); Lee v. Sandberg, 136 F.3d 94, 103 (2nd Cir. 1997); Habiger v. City of Fargo, 80 F.3d 289, 295 (8th Cir. 1996), cert. denied, 519 U.S. 1011, 117 S.Ct. 518, 136 L.Ed.2d 407 (1996). See also, McLenagan v. Karnes, 27 F.3d 1002, 1007 (4th Cir. 1994), cert. denied, 513 U.S. 1018, 115 S.Ct. 581, 130 L.Ed.2d 49 (1994) (stating that regardless of whether probable cause actually existed, officer is entitled to qualified immunity if he "could have . . . believed that his conduct was lawful").

In the instant case Plaintiff's judicial admissions establish the existence of probable cause. However, assuming arguendo that probable cause did not exist, Officer Hillard is nevertheless entitled to qualified immunity, because it is clear – at a minimum – that arguable probable cause

existed.  Furthermore, in light of Plaintiff's judicial admissions establishing (at a minimum) arguable probable cause, Officer Hillard is entitled to public officer's immunity as to Plaintiff's state tort claim for false arrest.  As the Fourth Circuit noted in <u>Cooper v. Sheehan</u>, 735 F.3d 153 (4th Cir. 2013), "the analysis of a public officer's immunity" under North Carolina law is "functionally identical" to the qualified immunity analysis under federal law. <u>Id</u>. at 160.  <u>See</u> <u>also</u>, e.g., <u>Lea v. Kirby</u>, 171 F.Supp.2d 579, 584 (M.D.N.C. 2001) (court held that the qualified immunity analysis under federal law was "essentially the same analysis" as the test for public officer's immunity under state law).

In short, this Court should dismiss Plaintiff's federal and state claims for "false arrest" for the additional reason that Hillard in his individual capacity is entitled to qualified immunity as to Plaintiff's Section 1983 false arrest claim, and is entitled to public officer's immunity as to Plaintiff's claim for false arrest under state law.

## CONCLUSION

Based on the foregoing arguments and authorities, Defendant Hillard respectfully submits that Plaintiff's motion for reconsideration should be denied, and that this Court should dismiss Plaintiff's federal and state false arrest claims against Hillard.

Respectfully submitted, this the 7th day of June, 2024.

/s/ *James R. Morgan, Jr.*
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC  27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail:  Jim.Morgan@wbd-us.com
*Counsel for Defendant Ron Hillard*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 7, 2024, I electronically filed the foregoing **DEFENDANT HILLARD'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 99)** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all Counsel of record.

It is further certified that on June 7, 2024, a copy of the foregoing **DEFENDANT HILLARD'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 99)** was sent by U.S. Mail to the following non-CM/ECF participant at his address of record with the Court:

Glenn S. Millsaps, Jr.
3210 Calumet Drive, Apt. A
Raleigh, NC 27610

*Plaintiff, pro se*

/s/ *James R. Morgan, Jr.*
James R. Morgan, Jr.
N.C. State Bar No. 12496
WOMBLE BOND DICKINSON (US) LLP
One West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 721-3710
Facsimile: (336) 733-8394
E-mail: Jim.Morgan@wbd-us.com

*Counsel for Defendant Ron Hillard*