IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:22-CV-00095-KDB-DCK

| | |
|---|---|
| GLENN S. MILLSAPS JR., <br><br> Plaintiff, <br><br> v. <br><br> IREDELL COUNTY DISTRICT ATTORNEY'S OFFICE; KATHLEEN BURRIS; SARA KIRKLAND; ADAM DILLARD; IREDELL COUNTY CLERK OF SUPERIOR OFFICE; JIM NIXON; JOHN/JANE DOES, Unknown Employees of the Iredell County Clerk of Superior Court; REGINA MAHONEY; JOHN/JANE DOES, Unknown Employees of the Iredell County District Attorney's Office; WILSON SECURITY SERVICES; DANNY LILES; PATSY ALLEN; IREDELL COUNTY; IREDELL COUNTY SHERIFF'S OFFICE; RON HILLARD; DARREN CAMPBELL; CITY OF STATESVILLE; STATESVILLE POLICE DEPARTMENT; K. JOHNSON; TOM SOUTHER; JOHN/JANE DOES, Unknown Employees of the Statesville Police Department; ERIC GREEN; MATT CAMPBELL; GARY MYKINSEN; AND JOHN WILLIAMS, <br><br> Defendants. | **ORDER** |

1

**THIS MATTER** is before the Court on Plaintiff Glenn S. Millsaps, Jr.'s *Pro Se* Motion for the Court to Reconsider its Document 82 Ruling Order Against the Plaintiff's Case ("Motion to Reconsider") (Doc. No. 99). The Court has carefully considered this motion and the parties' briefs in support of their respective positions. For the reasons discussed below, the Court will **DENY** the motion.

## I. LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"), the Court may provide a party relief "from a final judgment, order, or proceeding" under the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." *Compton v. Alton Steamship Co.*, Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). The Court must therefore exercise appropriate caution in granting such relief and must also consider whether doing so would unfairly prejudice the party who received the initial favorable judgment. *Id.*

## II. DISCUSSION

In January 2024, the Honorable Magistrate Judge David C. Keesler entered his Memorandum and Recommendations ("M&R") which addressed several then-pending motions to dismiss. *See* Doc. No. 70. Plaintiff and one of the Defendants filed Objections to the M&R. (Doc. Nos. 73, 75). In March 2024, the Court issued an Order granting in part and denying in part the

2

various motions to dismiss and resolving the Objections. *See* Doc. No. 82. The Court also denied Plaintiff's request to amend his complaint and to take judicial notice of certain pieces of evidence. *Id.* In May 2024, Plaintiff filed his 57-page Motion to Reconsider, which is now ripe for the Court's review.

For the reasons discussed below, the Court finds that none of the circumstances reflected in Rule 60(b)(1)-(5) apply here. Further, relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." *Dowell v. State Farm Fire Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (internal quotation marks and citation omitted); *see also MLC Automotive, LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (citation omitted). The Court concludes that reconsideration of the Court's Order is neither necessary to "accomplish justice" nor does this case involve "extraordinary circumstances."

1. **Motion to Amend**

Plaintiff first argues that the Court erred in affirming the Magistrate Judge's recommendation to deny Plaintiff's request to amend his Amended Complaint. He argues that the Magistrate Judge, in March 2023, erroneously denied his motion to amend as untimely and further erred in denying it because he argues he was entitled to amend it under Federal Rule of Civil Procedure 15(a)(1)(B). *See* Doc. No. 99 at 18.

However, Plaintiff's arguments are unpersuasive. First, the Magistrate Judge denied his request to file a second amended complaint on the merits. The Magistrate Judge specifically noted that Plaintiff had already filed an amended complaint, there were multiple pending motions to dismiss, and that Plaintiff's failure to provide information or explanation regarding the contents of a second amended complaint made it appear likely that a new complaint would be futile and/or

3

prejudicial to the Defendants. *See* Doc. No. 33 at 1. Moreover, Rule 15 allows a party to amend its pleading only *once* as a matter of course. Fed. R. Civ. Pro. 15(a)(1). Here, Plaintiff had already filed an amended complaint and this would have been his second. *See* Doc. No. 3. The Court also notes that motions under Rule 60 must be made within a year after the entry of the order at issue and thus this portion of the motion is untimely in addition to being unpersuasive.

### 2. Probable Cause for Defendant Hillard

Plaintiff next argues that the Court erred in finding that probable cause existed for Defendant Sheriff's Deputy Ron Hillard to arrest Plaintiff, which led the Court to dismiss the malicious prosecution claim against Deputy Hillard. Specifically, Plaintiff states that he has new, recently discovered information justifying reconsideration. *See* Doc. No. 99 at 24. However, Plaintiff does not provide any explanation as to why this evidence could not have been recovered sooner with reasonable diligence. Moreover, he states that the evidence purportedly "confirms *Defendant [K.] Johnson's* discovery when he learned from dispatch that the Plaintiff's name was not on the ban list." *Id.* (emphasis added). Plaintiff then offers a conclusory argument that this information calls into question Deputy Hillard's motivation and belief that probable cause existed for the arrest. However, evidence about an unrelated defendant does not change the Court's analysis as to Deputy Hillard, which was based on the interactions between Deputy Hillard and Plaintiff himself, including the fact that Deputy Hillard asked Plaintiff multiple times whether he had been previously asked to leave the District Attorney's Office the prior week before ultimately arresting him for second-degree trespass. *See* Doc. No. 82 at 9-10. Thus, there is no basis for the Court to reconsider its ruling.

### 3. Maliciousness of Defendants Hillard and Johnson

Plaintiff also asserts that the Court "fails to see [the] maliciousness of Defendants Hillard and Johnson." Doc. No. 99 at 30. However, Plaintiff presents no argument under Rule 60(b). Instead, he reviews his version of events and merely establishes that he disagrees with the Court's ruling. Thus, not only is Plaintiff's argument unpersuasive, but it also does not fall under any of the six circumstances permitting a court to reconsider an order.

### 4. Malicious Prosecution Claims

In his next objection to the Court's Order, Plaintiff argues that there was no probable cause for his arrest. However, like with his argument about the maliciousness of Defendants Hillard and Johnson, Plaintiff presents no argument under Rule 60(b) and chooses instead to relitigate the facts of this case. Because Plaintiff does not make any argument warranting reconsideration, the Court will not reconsider this portion of its ruling.

### 5. Section 1983 Claim

In his fifth argument, Plaintiff asserts that the Court ignores Plaintiff's claim for a *Brady* violation against Defendant Adam Dillard under 42 U.S.C. § 1983. However, as the Court stated in its Order, it carefully reviewed each and every one of Plaintiff's objections in his comprehensive 205-page brief[1] and found that the recommendations in the Magistrate Judge's M&R, except as otherwise stated in the Order, were "in accordance with the law and the factual allegations asserted in the Amended Complaint." Doc. No. 82 at 11. Moreover, most of this portion of his motion is in reality a request for the Court to reconsider its denial of his request to file a second amended complaint and its decision not to take judicial notice of video footage he previously proffered.

---

[1] The Court will take this opportunity to remind Plaintiff that the Local Rules in this District set a 25-page limit for any brief, with a minimum of 12 point font and double spacing. LCvR 7.1 (d).

5

Plaintiff's argument that he has provided new evidence for the Court's consideration because he "[n]ewly realized" that the video footage might have been transported in some form other than a physical disc is frivolous and will not be considered. Doc. No. 99 at 41.

### 6. Sovereign Immunity

Plaintiff's final argument is that the state Defendants waived Sovereign Immunity when they consented to a lawsuit and did so here by participating in this case. *Id.* at 48-49. A state only waives its immunity when it "voluntarily becomes a party to a cause and submits its rights for judicial determination." *Lapides v. Bd. of Regents*, 535 U.S. 613, 618 (2002) (quoting *Gunter v. Atlantic Coast Line R. Co.*, 200 U.S. 273, 284 (1906)). Here, however, Plaintiff involuntarily brought the State Defendants into the case by filing his action, so this requirement has not been met. His other arguments are equally unpersuasive and the Court notes that Plaintiff himself failed to make any credible allegations about a waiver of governmental immunity in his pleadings and thus he may not attempt to do so now.

In conclusion, the Court finds that Plaintiff has failed to make any argument justifying reconsideration of the Court's Order under Rule 60(b) and so his motion will be denied. The Court will also disregard the Defendants' argument that Plaintiff made judicial admissions conceding probable cause existed for the arrest. Not only does the Court disagree with Defendants' conclusion, but it also finds that the more lenient standard applied to *pro se* litigants further cautions against such an interpretation of Plaintiff's description of the factual allegations in this case.

### III. ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion for Reconsideration (Doc. No. 99) is **DENIED.**

**SO ORDERED ADJUDGED AND DECREED**.

Signed: July 11, 2024

Kenneth D. Bell
United States District Judge