IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:22-CV-095-KDB-DCK

| | |
|---|---|
| GLENN S. MILLSAPS, JR., | ) |
| Plaintiff, | ) **ORDER** |
| v. | ) |
| DANNY LILES and RON HILLARD, | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's "Amended Complaint" (Document No. 116), "Plaintiff's Motion To Expand Page Limitation For Amended Complaint" (Document No. 117), and "…Motion to Stay Expert Disclosure Deadline Pending Disclosure Of DVR System Model And Serial Number" (Document No. 118) filed February 6, 2025. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.

Having carefully considered the motions and the record, and following consultation with the Honorable Kenneth D. Bell's chambers, the undersigned will strike the Amended Complaint (Document No. 116) and deny the pending motions.

According to the "Pretrial Order And Case Management Plan" (Document No. 111) Plaintiff was allowed to file an amended pleading by **January 24, 2025**, and that date was later extended to **February 3, 2025**. See (Document No. 115). Plaintiff's "Amended Complaint" (Document No. 116) was not timely filed; moreover, the Court had expressly denied Plaintiff's request to amend the Complaint to re-assert claims against previously dismissed parties. (Document No. 82, pp. 12-14); see also (Document No. 104). Judge Bell specifically ordered that

"**only the assault claim against Mr. Liles (Claim Seven) will proceed as will the unlawful arrest and excessive force claims (Claim Two and Four) against Deputy Hillard**." (Document No. 82, p. 13) (emphasis added). Based on the foregoing, Plaintiff's Amended Complaint must be limited to the claims against Danny Liles and Ron Hillard that Judge Bell has allowed. Id.

Since the Court will strike the "Amended Complaint" (Document No. 116), "Plaintiff's Motion To Expand Page Limitation For Amended Complaint" (Document No. 117) is now moot. Plaintiff's revised Amended Complaint, limited to two (2) Defendants and three (3) claims should be significantly shorter than Document No. 116.

Finally, instead of issuing a stay of the expert report deadline, the undersigned will *sua sponte* allow an extension of time for expert reports. Further extensions are unlikely to be allowed.

**IT IS, THEREFORE, ORDERED** that "Amended Complaint" (Document No. 116) is **STRICKEN**. Plaintiff shall file an Amended Complaint, as directed herein, on or before **February 18, 2025**.

**IT IS FURTHER ORDERED** that "Plaintiff's Motion To Expand Page Limitation For Amended Complaint" (Document No. 117) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that "…Motion to Stay Expert Disclosure Deadline Pending Disclosure Of DVR System Model And Serial Number" (Document No. 118) is **DENIED**. The Expert Report deadlines are revised as follows: Plaintiff's Expert Report(s) – **March 7, 2025**; Defendants' Expert Report(s) – **April 4, 2025**.

**SO ORDERED**.

Signed: February 7, 2025

David C. Keesler
United States Magistrate Judge