UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-CV-00095-KDB-DCK

| | |
|---|---|
| GLENN S. MILLSAPS, JR.,<br><br>        Plaintiff,<br><br>v.<br><br>DEPUTY HILLARD and DANNY LILES<br><br>        Defendants. | DEFENDANT DANNY LILES' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION OF DEFENDANT LILES' MOTION FOR SUMMARY JUDGMENT |

NOW COMES Defendant Danny Liles ("Defendant Liles") by and through undersigned counsel, and hereby serves this Reply to Plaintiff's Response in Opposition of Defendant Liles' Motion for Summary Judgment.

### I.  Plaintiff's declaration should be barred by the Sham Affidavit Rule

In his responsive documents, Plaintiff included a declaration to serve as new testimony regarding the Subject Incident. *See* ECF 172.2 Exhibit 1 (hereinafter *Millsaps Decl.*). This declaration includes testimony that is in conflict with Plaintiff's recorded deposition.

The Fourth Circuit has found that an affidavit submitted in opposition to a motion for summary judgment should be considered a "sham" affidavit and disregarded if it is in "such conflict" with the witness' earlier deposition testimony that is being offered for the purpose of creating a dispute of material fact. *Rohrbough v. Wyeth Lab'ys, Inc.*, 916 F.2d 970, 975-76 (4th Cir. 1990). Here, Plaintiff's declaration directly contradicts his

previous deposition testimony cited in Defendant Liles' Memorandum in Support of his Motion for Summary Judgment. Specifically, there is a difference in testimony regarding some of the facts surrounding the alleged assault committed by Defendant Liles against Plaintiff.

In his original deposition testimony, Plaintiff testified that on July 24, 2019, Plaintiff relayed to Defendant Liles that Ms. Kathleen Burris asked him to leave the District Attorney's Office but, in spite of this instruction, Plaintiff began to re-enter the District Attorney's Office anyway. *Millsaps Dep.* 264:11-22, 265:1-16. Plaintiff further testified in his deposition, that this is when Defendant Liles grabbed Plaintiff's arm to stop him. *Id.* However, in his declaration, Plaintiff stated Defendant Liles acted without gathering any facts and without confirming any information with Ms. Burris. *Millsaps Decl.* ¶ 29. Further, in his original deposition testimony, Plaintiff testified that Defendant Liles arm grab did not cause Plaintiff any bruise or pain, but rather left him confused as to why Defendant Liles was grabbing him. *Millsaps Dep.* 74: 1-9. Plaintiff, when describing what happened during his deposition, did not testify that he was placed in any sort of apprehension or fear at the time of this interaction. *Millsaps Dep.* ¶246:11-22. Compare this with his later declaration, where Plaintiff wrote that the interaction with Defendant Liles caused him to feel immediately afraid of being attacked. *Millsaps Decl.* ¶ 12.

The differences in Plaintiff's testimonies seem to be done in an attempt to create a genuine issue of fact. However, this Court should disregard Plaintiff's declaration and grant Defendant Liles's motion for summary judgment.

2

II. **Plaintiff's declaration cannot overcome Defendant Liles' motion for summary judgment.**

Even if this Court were to consider Plaintiff's declaration, summary judgment for Defendant Liles is still warranted.

   a. **Plaintiff's declaration does not create a genuine issue of fact to overcome Defendant Liles motion for summary judgment on his assault claim.**

To state an actionable claim for civil assault, "Plaintiff must plead an 'overt act or an attempt, or the unequivocal appearance of an attempt, with force and violence, to do some immediate physical injury to the person of another"… "The display of force or menace of violence must be such to cause the reasonable apprehension of immediate bodily harm." *Dickens v. Puryear*, 302 N.C. 437, 445, 276 S.E.2d 325, 331 (1981). In addition, the overt act or attempt must be done in "a way that the law forbids." *Andrews v. Peters*, 75 N.C. App. 252, 256, 330 S.E.2d 638, 640-41 (1985).

   i. <u>Plaintiff's declaration describes his interaction with a member of the D.A.'s Office and his knowledge of Defendant Liles working as a security guard.</u>

Plaintiff's declaration states that on July 24, 2019, he spoke with Ms. Kathleen Burris, a receptionist in the District Attorney's Office, in which the conversation escalated, and she was visibly upset. *Millsaps Decl.* ¶7. Plaintiff also includes a copy of Ms. Burris' report that describes Ms. Burris's feelings of being unsafe in her interactions with Plaintiff. (ECF 172.2 Ex. 2). Plaintiff's declaration states that after this interaction with Ms. Burris, he spoke with Defendant Liles, who Plaintiff identified as a security guard stationed nearby. *Millsaps Decl.* 9.

3

Further, in his declaration, Plaintiff stated:

> When I realized Danny Liles was not going to help me I turned to walk back toward the District Attorney's Office. As I turned around he suddenly grabbed me from behind by my right arm. I did not see it coming and I had no warning. I was immediately afraid I was being attacked so I pulled my arm away and said "Don't touch me." After that I walked back into the District Attorney's lobby to get away from Liles and to try to get a supervisor involved.

*Millsaps Decl.* ¶11-12.

Plaintiff's declaration demonstrates that there was an interaction between himself and a member of the District Attorney's Office, and that Ms. Burris wanted him to leave. *Millsaps Decl.* ¶ 7, 41. Further, a security guard (Defendant Liles) acted in a way to direct or stop Plaintiff. *Millsaps Decl.* ¶11-12.

### ii. <u>Plaintiff cannot demonstrate that Defendant Liles conduct was unlawful.</u>

In his declaration, Plaintiff concludes:

> Liles's physical contact with me was unwarranted and unlawful. Under North Carolina law that conduct meets the definition of assault. He had no legal authority to grab me and what he did was not part of his job duties.

*Millsaps Decl.* ¶ 31. These legal conclusions in Plaintiff's declaration do not create a genuine issue of fact. It is well established that "conclusory or speculative allegations do not suffice," to create a genuine issue of fact to overcome a moving party's motion for summary judgment. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Circuit 2002). *See also Banks v. Allied Crawford Greenville, Inc.*, 2010 U.S. Dist. LEXIS 91571, *4-5 (D. S.C. 2010) (holding "unsupported conclusory allegations do not suffice to create a genuine issue of material fact.").

4

In addition, Plaintiff's conclusions as a lay witness are inadmissible. The Fourth Circuit has previously found that pursuant to Federal Rule of Evidence 701, a lay witness' testimony is limited to those opinions that are "(a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue." *Daedalus Blue, LLC v. Microstrategy Inc.*, 2023 U.S. Dist. LEXIS 145602, *13-14. In *Daedalus Blue*, the Court found that the portions of Defendant's declaration testimony regarding the differences in computer products resembled that of expert testimony and was not based on his own personal knowledge and thus was inadmissible. *Id.*

Here, Plaintiff admits he knew Defendant Liles was a security guard. However, he gives no explanation as to having any personal knowledge of Defendant Liles' job duties, nor does he provide any explanation as to knowing or having personal knowledge of the Private Protection Services Act, N.C. Gen. Stat. § 74C-1, that Defendant Liles was working under. None of the statements in Plaintiff's declaration contradicts Defendant Liles's affidavit where Defendant Liles states the following:

- At the time of the incident, he was working for Wilson Security as a licensed unarmed security guard under a contract with Iredell County. (ECF 163 – 2, *Liles Aff.* ¶ 4-6).

- His license and work is governed by North Carolina's Private Protection Services Act. (ECF 163 – 2, *Liles Aff.* ¶ 5).

5

- He understood from another security guard that Ms. Burris, with the D.A.'s Office, had instructed Plaintiff to leave and Plaintiff would not. (ECF 163 – 2, *Liles Aff.* ¶ 9).

- He was concerned for the safety of Ms. Burris and the other District Attorney Office's employees. ((ECF 163 – 2, *Liles Aff.* ¶ 11).

- That during the interactions between him and the Plaintiff, he reasonably believed Plaintiff posed a threat to the employees and property of the District Attorney's Office, and was attempting to direct Plaintiff to leave. (ECF 163 – 2, *Liles Aff.* ¶ 18).

Pursuant to N.C. Gen. Stat. § 74C Defendant Liles is authorized to perform the following functions:

> (a) Prevention or detection of intrusion, entry, larceny, vandalism, abuse, fire or trespass on private property; (b) Prevention, observation, or detection of any unauthorized activity on private property; (c) Protection of patrons and persons lawfully authorized to be on the premises or being escorted between premises of the person, firm, association, or corporation that entered into the contract for security services; (d) Control, regulation, or direction of the flow or movement of the public, whether by vehicle or otherwise, only to the extent and for the time directly and specifically required to assure the protection of properties.

*N.C. Gen. Stat.* § 74-C-3(a)(6).

Because Defendant Liles was working as a private security guard pursuant to a contract with the County, he was authorized to take the actions he took, including allegedly grabbing Plaintiff. As such, summary judgment in his favor is proper.

### b. **Plaintiff is unable to establish a claim for civil battery.**

6

Case 5:22-cv-00095-KDB-DCK    Document 179    Filed 07/08/25    Page 6 of 9

Plaintiff's amended complaint still does not assert a cause of action for battery. (ECF # 122). Instead, Plaintiff continues to assert only a claim for civil assault. *Id.* However, on page 20 of Plaintiff's response to Defendant Liles' motion for summary judgment, Plaintiff contends:

> Liles never spoke to Ms. Burris before engaging Plaintiff. (Millsaps Decl., Ex. 1 ¶ 41). He never confirmed any instructions. "He didn't witness a crime. He didn't perceive any danger. He simply grabbed a man who was walking back into a public office. That's not protective service – that's battery.

(ECF #172, p. 20).

Should the Court consider this response to assert a battery claim against Defendant Liles, summary judgment for Defendant Liles is warranted. Plaintiff cannot put forth facts to establish a valid claim for battery. A battery is intentional and **unpermitted** contact with another person. *Hensley v. Suttles*, 167 F.Supp. 3d 753, 764 (W.D.N.C. 20016) (emphasis added). In addition, the elements for battery include, (1) the defendant intentionally caused bodily contact with the plaintiff, (2) the bodily contact caused physical pain or injury; and (3) the bodily contact occurred without the Plaintiff's consent." *Andrews*, 75 N.C. App., 256, 330 S.E.2d, 640-41.

Nothing in Plaintiff's declaration speaks to Plaintiff suffering any physical pain or injury. Whereas, Plaintiff admitted in his deposition that he was not injured by the alleged grab. *Millsaps Dep.*, p. 74:1-9. In addition, for the reasons described above, Plaintiff cannot create a genuine issue of material fact that Defendant Liles' actions towards him were anything other than lawful or otherwise supported by the

7

law. Therefore, summary judgment in favor of Defendant Liles on Plaintiff's battery claim should be granted.

## CONCLUSION

For the foregoing reasons, Defendant Liles requests this Court to enforce and grant his Motion for Summary Judgment.

Respectfully submitted this 8th day of July, 2025.

    MARTINEAU KING PLLC

    */s/ Elizabeth A. Martineau*
    Elizabeth A. Martineau (N.C. State Bar No. 26394)
    P.O. Box 241268
    Charlotte, NC 28224
    TEL: (704) 247-8520
    FAX: (704) 247-8582
    emartineau@martineauking.com
    ***Attorney for Danny Liles***

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. Service of same on any counsel of record will be accomplished through the Court's electronic filing system in accordance with F.R.C.P. 5(b)(2)(E).

*/s/ Elizabeth A. Martineau*
Elizabeth A. Martineau