GLENN S. MILLSAPS JR.,

**Plaintiff,**

v.

IREDELL COUNTY DISTRICT
ATTORNEY'S OFFICE, ET AL.,

**Defendants.**

**MEMORANDUM AND ORDER**

**THIS MATTER** is before the Court on Defendant Ron Hillard's Motion for Taxation of Costs (Doc. No. 208). The Court has carefully considered this motion and accompanying affidavit. Plaintiff has not filed a response, and the time for doing so has expired. As directed by Rule 54(d) of the Federal Rules of Civil Procedure, the Court will **GRANT** the motion.

Fed. R. Civ. P. 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs." *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994); *Cherry v. Champion Intern. Corp.*, 186 F.3d 442, 446 (4th Cir. 1999) ("[T]he rule creates the presumption that costs are to be awarded to the prevailing party."). While the presumption may be overcome, a good reason for doing so, such as "misconduct by the prevailing party worthy of a penalty ... or the losing party's inability to pay" must be present. *Cherry*, 186 F.3d at 446. Significant here, the Fourth Circuit has also recognized that "the losing party's good faith in pursuing an action ... standing alone, is an insufficient basis for refusing to assess costs against that party." *Id.*

1

Hillard seeks to recover $1,130.10 for deposition transcript and videotape costs for Plaintiff's deposition. Doc. No. 208-1. 28 U.S.C. § 1920(2) specifically authorizes the taxation of costs for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), and courts within the Fourth Circuit regularly award the costs of deposition transcripts "when the taking of a deposition is reasonably necessary at the time of its taking." *LaVay Corp. v. Dominion Fed. Sav. & Loan Assn*, 830 F.2d 522, 528 (4th Cir. 1987) (citation omitted); *Saheed v. Huntington Ingalls Indus., Inc.*, No. 4:23-CV-123, 2026 WL 637425, at *1–2 (E.D. Va. Mar. 6, 2026).

The Court finds that the deposition transcript and videotape costs were necessarily obtained for use in this litigation and are reasonable. Further, while Plaintiff's claims were pursued in good faith, Rule 54(d) directs the Court to award costs to the prevailing party in the absence of other good cause, which Plaintiff has not proffered to the Court. Therefore, the motion for taxation of costs will be granted.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

Defendant Ron Hillard's Motion for Taxation of Costs (Doc. No. 208) is **GRANTED** in the amount of $1,130.10.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 4, 2026

Kenneth D. Bell
United States District Judge

2